UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

JOHN TRISVAN,

                Plaintiff,                **MEMORANDUM & ORDER**
                                                      24-CV-4028(EK)(LB)

           -against-

NESTLE PURINA PET CARE COMPANY,

                Defendant.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff John Trisvan brings this action against Nestle Purina Petcare Company ("Purina"). Proceeding *pro se*, he alleges that his pets suffered allergic reactions after eating Purina food. Trisvan has moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. That motion is granted for purposes of this order, but the complaint is dismissed for failure to state a claim.

## I. Background

        The following factual allegations are drawn from the complaint, and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

        Trisvan's pet cat and dog became ill in early 2021. Compl. 4, ECF No. 1. He later "discovered" that the animals were suffering from "severe allergic reactions" after eating

Purina food.[1]  *Id.* at 5.  Although Trisvan stopped feeding the animals Purina food, they eventually died in early 2022.  *Id.*  Trisvan alleges that the Purina food contained "toxic materials, which have been linked to gastrointestinal problems; liver damage; kidney damage; [and] death in animals."  *Id.* at 6.

## II.  Legal Standard

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.[2]  The Court must accept the truth of "well-pleaded, nonconclusory factual allegations," *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), but it need not accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint should be liberally construed.  *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).  But an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

---

[1] This is not the first time Trisvan has alleged food poisoning in this district.  *See Trisvan v. Regal Entertainment*, No. 21-CV-187 (dismissed July 26, 2021) (alleging food poisoning at Regal Cinemas); *Trisvan v. Kentucky Fried Chicken*, No. 20-CV-2071 (dismissed Feb. 2, 2021) (alleging food poisoning at a Kentucky Fried Chicken restaurant); *Trisvan v. Burger King Worldwide, Inc.*, No. 19-CV-6396 (dismissed Mar. 31, 2021) (alleging food poisoning at a Burger King restaurant); *Trisvan v. Checkers Drive-In Restaurant, Inc.*, 16-CV-7000 (dismissed Feb. 18, 2020) (alleging food poisoning at a Checkers restaurant).

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

A district court may dismiss an *in forma pauperis* action if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B).

### III. Discussion

Trisvan brings federal claims under the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, and the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051.  Compl. 6.  He also appears to bring state-law claims for negligence and failure-to-warn.[3]  *Id.* at 7.  Because Trisvan fails to state a claim under federal law, the Court declines supplemental jurisdiction over his state-law claims.

**A.   The Federal Claims**

Trisvan first asserts a claim under the FDCA.  But that statute provides no private right of action.  *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997).  So, Trisvan cannot state a viable FDCA claim.

The CPSA claim fares no better.  Trisvan appears to allege that Purina violated a provision of the CPSA requiring a "manufacturer of a consumer product" to "immediately inform" the

---

[3]  The complaint cites to N.Y. C.P.L.R. §§ 1411, 1412. Compl. 7. Those provisions do not create a cause of action. Rather, they address contributory negligence and assumption of risk in the context of an action for damages. But because those provisions refer to negligence actions, the Court construes the complaint as bringing a state-law negligence claim.

3

Consumer Product Safety Commission of any product defect that creates a "substantial risk of injury to the public." 15 U.S.C. §§ 2064(a)(2), (b)(3); *see also* Compl. 6-7.

At the outset, the weight of authority suggests that there is no private right of action to enforce this provision. *See Simpson v. Bio-Wash Prods., Inc.*, 172 F. Supp. 2d 372, 374-75 (D. Conn. 2001); *accord Drake v. Honeywell*, 797 F.2d 603, 606 (8th Cir. 1986). But even if there were such a right, Trisvan still fails to state a claim. While the complaint alleges that Purina failed to warn the *public* about the alleged dangers of its pet food, Compl. 6-7, it does not allege that Purina failed to warn the *Commission*. Nor does it offer any non-conclusory allegations that Purina's ostensible failure to warn the Commission was knowing or willful, as is required to state a claim for damages under the CPSA. 15 U.S.C. § 2072(a). So, Trisvan also fails to state a viable CPSA claim.

**B.   The State Claims**

A court may decline supplemental jurisdiction over state-law claims if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, Trisvan's federal claims have been dismissed. And the complaint does not adequately plead diversity jurisdiction.[4] So, the

---

[4] Trisvan alleges that diversity jurisdiction exists. Compl. 3. But he fails to allege where either party is domiciled. *Palazzo v. Corio*, 232

4

state-law claims are dismissed without prejudice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## IV.  Conclusion

For the foregoing reasons, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Trisvan, to note the mailing on the docket, and to close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

---

F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile."). He alleges that he resides in New York, Compl. 2, but "[d]omicile is not synonymous with residence." *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019). And he alleges that Purina is headquartered in Missouri, Compl. 5, but never alleges where the company is incorporated. A corporation is a citizen of both its state of incorporation *and* the state in which its "nerve center" is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81; 28 U.S.C. § 1332(c)(1). Because Trisvan only alleges the latter, he has not properly alleged Purina's citizenship for purposes of diversity jurisdiction.

Dated:      May 22, 2025
            Brooklyn, New York